[No. 19671.   Department Two.   March 25, 1926.]

NICHOLAS J. STEIGLEDER, *Appellant*, v. STANDARD INVESTMENT COMPANY,
*Respondent.*[1]

Appeal from a judgment of the superior court for King county,
Paul, J., entered July 6, 1925, in favor of defendant, upon the dis-
missal of contempt proceedings. Affirmed.

*C. M. Miller* and *Batchelor & Bannon*, for appellant.

*Bausman, Oldham & Eggerman*, for respondent.

PARKER, J.—This is a contempt proceeding commenced in April,
1925, wherein the plaintiff, Steigleder, seeks to have the superior
court for King county punish the defendant investment company,
for its alleged violation of the terms of an injunction decree
rendered by that court in September, 1914, enjoining it from inter-
fering with his claimed water rights in a certain stream flowing
over the land of both of them; and also to assess damages against
the defendant because of such alleged violation.   In November,
1917, the parties entered into a contract which, in a large measure,
modified the defendant's obligations to the plaintiff with respect to
the use of the water.   This contempt proceeding was tried and
submitted to the court for final determination upon the merits, the
evidence submitted by the respective parties being in the form of
numerous affidavits.   The court denied the relief prayed for by the
plaintiff, and rendered its judgment of dismissal accordingly, upon
the theory that the defendant has not violated the injunction or the
plaintiff's rights thereunder, as modified by the contract of
November, 1917.   From this disposition of the proceeding, the
plaintiff has appealed to this court.

There is nothing of serious moment involved in this proceeding,
other than questions of fact.   A reading of the evidence fully con-
vinces us that the court correctly determined the cause upon the
merits against the contentions of the plaintiff.   We do not feel
called upon to review the evidence in detail in this opinion.

The judgment is affirmed.

TOLMAN, C. J., MACKINTOSH, MAIN, and MITCHELL, JJ., concur.

[1]Reported in 245 Pac. 1118.